**O**

# United States District Court
# Central District of California

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:21-cv-02742-ODW (AGRx) |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION FOR DEFAULT JUDGMENT [13]** |
| $33,813.11 SEIZED FROM U.S. BANK ACCOUNT '1782, et al., | |
| Defendant. | |

## I.    INTRODUCTION AND BACKGROUND

On March 30, 2021, Plaintiff United States of America (the "Government") initiated this *in rem* forfeiture action pursuant to 18 U.S.C. § 1594(e)(1)(A).  (Compl. ¶ 1, ECF No. 1.)    Through this action, the Government seeks forfeiture of: (1) $33,813.11   in currency seized on April 22, 2020 from US Bank Account #XXXXXXXXX1782 held in the name Mei Xing pursuant to a federal seizure warrant, and (2) $250,000 seized from Bail USA as a portion of the proceeds from the April 21, 2020 sale of real property titled in Xing's name.  (*Id.* ¶ 5.) The Government alleges that the "defendants represent property traceable to real property involved in, used, or intended to be used to commit or to facilitate the commission of one or more acts in

violation of 18 U.S.C. §§ 1591 and/or 1594 (sex trafficking)." (*Id.* ¶ 40.) The Government asserts that the defendant currency is therefore subject to forfeiture pursuant to 18 U.S.C. § 1594(e)(1)(A). (*Id.*)

The Government identified Xing, Sean Hooley, and Bail USA (collectively, "Potential Claimants") as each having a potential interest in the defendant currency. (*Id.* ¶ 7.) The Government provided written notice of this action to each of the Potential Claimants via certified letter at each of their last known addresses and received delivery confirmation (via signed return receipts) for each letter sent. (Mot. Default J. ("Motion" or "Mot.") 1–3, ECF No. 13; Decl. Jonathan Galatzan ("Galatzan Decl.") ¶¶ 5, 6, 8, Exs. C, D, F, ECF Nos. 13-4, 13-5, 13-7.) Moreover, pursuant to the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"), the Government published a Notice of Civil Forfeiture that remained posted for thirty days. (Mot. 1; Galatzan Decl. ¶ 3, Ex. A, ECF No. 13-2.) Process was executed on the defendant currency by the United States Marshals Service in accordance with the Supplemental Rules. (Mot. 1; Galatzan Decl. ¶ 4, Ex. B, ECF No. 13-3.)

Pursuant to Supplemental Rule G(5), Potential Claimants and any other interested parties had until June 4, 2021, to file a claim in this action and until June 25, 2021, to file an answer. (Galatzan Decl. ¶¶ 9–10, ECF No. 13.) That time has expired and none of Potential Claimants or other interested party has filed a claim or an answer. (*Id.* ¶¶ 10–11.) On September 28, 2021, the Clerk entered default as to the interests of the named Potential Claimants and all other potential claimants regarding the defendant currency. (Entry Default, ECF No. 12.)

On October 22, 2021, the Government filed its Motion for Default Judgment. (*See* Mot.) Pursuant to Local Rule 7-9, any opposition to the Government's Motion was due no later than twenty-one days before the November 22, 2021 hearing date. The Court received no opposition to the Motion.

After carefully considering the papers filed in support of the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 55(b) authorizes a district court to grant a default judgment after the Clerk enters default under Rule 55(a).  Fed. R. Civ. P. 55(b). Generally, after the Clerk enters default, the defendant's liability is conclusively established, and the well-pleaded factual allegations in the complaint are accepted as true, except those pertaining to damages.  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

Before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in Rules 54(c) and 55, as well as Local Rules 55-1 and 55-2.  Local Rule 55-1 requires that the movant submit a declaration establishing: (1) when and against which party default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is a minor or incompetent person; (4) that the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, does not apply; and that (5) the defaulting party was properly served with notice, if required under Rule 55(b)(2).  C.D. Cal. L.R. 55-1.

If these procedural requirements are satisfied, a district court has discretion to enter default judgment.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  "[A] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment."  *PepsiCo, Inc., v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002).  In exercising discretion, a court considers several factors (the "*Eitel* Factors"):

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and

(7) the strong policy underlying the [Rules] favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).  However, the Court need not make detailed findings of fact in the event of a default judgment.  *See Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990).

### III.   DISCUSSION

Having reviewed the filings in this action, the Court is satisfied that the Government has met all procedural requirements for obtaining a default judgment against the interests of the named Potential Claimants and all other potential claimants. Notice was adequately served and published.  The time for filing a claim or an answer has expired and no claims or answers have been filed.  The Government has satisfied the procedural requirements of FRCP 55 and Local Rule 55-1 by submitting a declaration verifying: (1) the Clerk entered default against the interests of the named Potential Claimants and all other potential claimants on September 28, 2021; (2) no potential claimants responded to the Complaint; (3) none of Potential Claimants is an infant or incompetent person; and (4) none of Potential Claimants is in the military, so the Service Members Civil Relief Act does not apply.  (*See* Galatzan Decl. ¶¶ 12–13, 15–18.)

Further, the Court finds that on balance the *Eitel* factors weigh in favor of granting the Government's Motion.  The allegations establish that the defendant currency represents or is traceable  to real property involved in, used, or intended to be used to commit or to facilitate the commission of one or more acts in violation of 18 U.S.C. §§ 1591 and/or 1594 (sex trafficking), rendering it subject to forfeiture pursuant to  18 U.S.C. § 1594(e)(1)(A).  In light of the well-pleaded allegations in the Complaint and the fact that no claims have been filed, the Government's interest in an efficient resolution of the case outweighs any potential claimant's interest in adjudication on the merits. *PepsiCo*, 238 F. Supp. 2d at 1177 ("Defendant's failure to

answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible.").

Finally, having determined that entry of default judgment is appropriate, the Court notes that the relief requested does not "differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c); (Compl. ¶ 5; *Id.*, Prayer for Relief (c)). Accordingly, forfeiture of the defendant currency to the United States for disposition according to law is proper.

## IV.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** the Government's Motion for Default Judgment. (ECF No. 13.) A separate judgment will issue.

**IT IS SO ORDERED.**

March 16, 2022

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**